IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KENNETH SMITH, #B-32032,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | CIVIL NO. 09-cv-733-MJR |
| ) | |
| **DONALD GEATZ, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

The Court denied Plaintiff Kenneth Smith's motion to proceed *in forma pauperis* and dismissed this action without prejudice, finding that Smith had accumulated at least three strikes and is not in imminent danger of serious physical injury. On reconsideration, the Court gave Smith the benefit of the doubt, as there was not conclusive proof that Smith was the plaintiff in one of the three cases deemed to be strikes. The case was reopened, and Smith's motion for leave to proceed *in forma pauperis* has been granted.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>    (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>    (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is portions of this action are subject to summary dismissal.

On December 8, 2008, Smith received a disciplinarty ticket at Pinckneyville, charging him with conspiracy, escape, intimidation or threats, and dangerous communications; he was found guilty of all charges. In the interim, Smith was transferred to Menard. On January 13, 2009, Smith received a disciplinary ticket at Menard for escape, for which he was found guilty. Smith filed grievances challenging the sufficiency of the evidence against him, but those grievances were denied. Smith now claims that his rights to due process were violated in each of these proceedings.

## DECEMBER 8 TICKET

According to the exhibits attached to the complaint, for this ticket Smith was punished with one year in segregation, one year at C-grade, one year's commissary restriction, and the loss of six months of good conduct credit.

The instant case is a challenge to disciplinary proceedings that resulted in the loss of good time credit as well as time in disciplinary segregation.

> When a state official violates the Constitution in his treatment of a state prisoner, his illegal conduct can, at least in theory, give rise to claims for monetary or declaratory relief under § 1983 and to claims for habeas corpus relief under § 2254. Although these statutes provide distinct avenues for relief, claims brought under § 1983 are not always independent of claims that have been brought or could be brought under § 2254. Proving official misconduct for the purposes of § 1983 can often – but not always – involve the same factual issues that would be relevant in a potential claim under § 2254. This intersection between claims under §§ 1983 and 2254 can sometimes implicate the fundamental principles controlling federal jurisdiction generally, and habeas corpus jurisdiction in particular. According to these principles, the federal courts will not hear a state prisoner's § 2254 claims against a state official until the courts of that state have had the opportunity to identify and remedy any

> official misconduct. These principles of deference and reticence that guide the federal courts similarly prevent the district courts from considering any issues that *could be cognizable* in a § 2254 claim until the state prisoner has exhausted his state court remedies. If claims under statutes besides § 2254 could be used as instruments to decide issues that would be cognizable in a potential § 2254 action, the pursuit of such claims could promote the evasion of the exhaustion requirement for § 2254. Consequently, a prisoner cannot bring a § 1983 claim that involves issues cognizable in habeas corpus until he complies with the procedural prerequisites for relief under § 2254. A decision on a § 1983 claim brought in this posture would create situations in which a federal court would make an initial, and perhaps a preclusive, ruling on an issue that should first be addressed by state courts.
>
> But this limitation applies only if the preclusive effect of a § 1983 judgment is certain. If resolution of the issue in federal court would not *necessarily* undermine the state court's ability to make an independent determination of issues cognizable in habeas corpus, then that issue is cognizable under § 1983, regardless of whether a state court has ruled on that issue.

*Clayton-EL v. Fisher*, 96 F.3d 236, 242 (7th Cir. 1996), *citing Heck v. Humphrey*, 512 U.S. 477, 487 n. 7 (1994). *See generally Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584 (1997).

> This determination [of which claims are cognizable strictly under § 1983 and which raise issues cognizable in habeas corpus] depends upon identifying the injuries involved in each of [plaintiff's] claims. As the Supreme Court has recently indicated, the injury alleged in a claim – and not the relief sought in the claim – determines whether a claim implicates issues cognizable in habeas corpus. . . . If the proof of any of those injuries involves the proof of a fact that would also be essential to a habeas corpus action, then the claim that depends upon proof of that injury implicates habeas corpus.

*Clayton-EL*, 96 F.3d at 242 (citations omitted). *See generally Wilkinson v. Dotson*, 544 U.S. 74, 125 S.Ct. 1242, 1246-48 (2005).

In the instant case Smith is challenging the sufficiency of the evidence. Proof of such a claim could invalidate the disciplinary proceeding, which in turn would invalidate his punishment of the revocation of six months of good time credit. The proper method for challenging the revocation of good time credit is habeas corpus, but only after Smith has exhausted his remedies through the Illinois state courts. *See, e.g., Heck*, 512 U.S. at 480-81. The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner. *Taylor v.*

*Franzen*, 93 Ill.App.3d 758, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill.App. 1981). *See also United States ex rel. Isaac v. Franzen*, 531 F. Supp. 1086, 1091-94 (N.D. Ill. 1982). The State of Illinois must first be afforded an opportunity, in a mandamus action pursuant to 735 ILCS 5/14-101 *et seq*. to consider the merits of his claim, and Smith must exhaust his state court remedies before bringing his claims to federal court.

Accordingly, his claims with respect to this ticket will be dismissed without prejudice to his pursuit of those claims in habeas corpus, but only after he has exhausted his state remedies.

### JANUARY 13 TICKET

The exhibits attached to the complaint show that for this ticket, Smith was punished with one year in segregation, one year at C-grade, and one year of commissary restriction.

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship...in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin*. In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that state. *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). If the inmate is housed at the most restrictive prison in the state, he or she must show that disciplinary segregation there is substantially more restrictive than administrative segregation at that prison. *Id.* In the view of the Seventh Circuit Court of Appeals, after *Sandin* "the

right to litigate disciplinary confinements has become vanishingly small." *Id.* Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty." *Id.*

In the case currently before the Court, Smith was sent to disciplinary segregation for one year. Nothing in the complaint or exhibits suggests that the conditions that he had to endure while in disciplinary segregation were substantially more restrictive than administrative segregation *in the most secure prison in the State of Illinois*. Therefore, Smith's due process claim is without merit, and this claim is dismissed with prejudice.

## DISPOSITION

In summary, the complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Smith is advised that the dismissal of this action will count his **THIRD** allotted "strike" under the provisions of 28 U.S.C. § 1915(g). Therefore, he may no longer seek leave to proceed *in forma pauperis* in the federal courts unless he is under imminent danger of serious physical injury. **Any new actions filed by Smith in this or any other federal court must be accompanied by the full filing fee.**

**IT IS SO ORDERED.**

**DATED this 24th day of September, 2010.**

                                                      **s/ Michael J. Reagan**
                                                      **MICHAEL J. REAGAN**
                                                      **United States District Judge**